UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAAMI MUHAMMAD,

        Plaintiff,

                                                          Case No. 11-12694

v.

                                                          HON. AVERN COHN

FORD MOTOR COMPANY,

        Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 20)**[1]

**I.**

This is a benefits case under the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq (ERISA). Plaintiff Jaami S. Muhammad,[2] sued his former employer, defendant Ford Motor Company (Ford), claiming that Ford wrongfully determined that his claimed dependents were ineligible for benefits and, as a consequence, wrongfully collected for benefit overpayments. Ford filed a motion to affirm the administrative denial of plaintiff's claims. The Court, after a hearing, granted Ford's motion and entered judgment in favor of Ford. (Doc. 18).

Before the Court is plaintiff's motion for reconsideration. (Doc. 20). Ford, at the Court's request, filed a response. (Doc. 22). For the reasons that follow, the motion will be denied.

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiff is proceeding pro se.

**II.**

As an initial matter, plaintiff's motion is untimely. Motions for reconsideration must be filed within 14 days after entry of the order. See E.D. Mich. LR 7.1(h)(1). The Court entered its order on January 12, 2012. Plaintiff's motion was not filed until February 1, 2012, twenty days after the entry of the order.

In any event, plaintiff's motion fails on the merits. E.D. Mich LR 7.1(h)(3) provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff has not satisfied this standard.

Plaintiff has not pointed to any "defect" in the Court's analysis, but rather asks the Court to rule in his favor based on the same record. Restating arguments does not establish a defect or that the Court was misled. See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006). While plaintiff has put forth eleven issues in support of his motion, none of these issues warrant reconsideration. As explained in Ford's response, the issues either have no relevance to the case or are issues the Court previously addressed and resolved in Ford's favor.

Plaintiff's motion is DENIED.

SO ORDERED.

Dated: February 27, 2012                S/Avern Cohn
                                                 AVERN COHN
                                                 UNITED STATES DISTRICT JUDGE

Case No. 11-12694 Muhammad v. Ford Motor Co.
Order Denying Plaintiff's Motion of Reconsideration

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Jaami S. Muhammad, 2627 Arrowwood Trail, Ann Arbor, MI 48105 and the attorneys of record on this date, February 27, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160